## WELLS v. HENSLEY.

No. 20756. Opinion Filed June 28, 1932.

Morris & Wilhite, for plaintiff in error.

Melton & Melton, for defendant in error.

HEFNER, J. This is an action brought in the district court of Caddo county by T. B. Wells against J. H. Hensley to enjoin him from engaging in the business of carrying freight by motor truck over certain designated state highways.

Plaintiff alleges that he is the holder of a certificate of necessity issued to him by the Corporation Commission, authorizing and licensing him to engage in carrying freight by means of motor trucks to and from Fort Cobb to Oklahoma City, to and from Washita and from Fort Cobb to Lawton, thence to Anadarko and back to Fort Cobb: that defendant, without having obtained a certificate of necessity from the Corporation Com-mission and without complying with chapter 113, S. L. 1923, is engaging in the business of carrying freight by motor truck along and over the same route operated by plain-tiff, to his irreparable damage and injury.

It developed at the trial that the certifi-cate of necessity issued was not issued to plaintiff as an individual, but was issued to Leonard, Osman, Newby, Wells, and Meth-vin, a partnership doing business under the name of "Big Four Truck Lines." The trial court held that, since the certificate was is-sued in the name of the partnership, it was necessary that the partners join in the ac-tion for injunction; that plaintiff, individ-ually, could not maintain the action; and rendered judgment in favor of defendant.

The record discloses that the partners en-tered into a written agreement and filed the same with the Corporation Commission, whereby each of them was designated certain highways over which he should operate, and that plaintiff was designated the territory here involved. The agreement provides that plaintiff should handle all freight from Fort Cobb and Washita, and intermediate points, and the other parties were given different territories. The agreement provides that each shall furnish his own motor trucks to operate his particular territory. As to the sharing of profits, it is provided:

"Each of the partners in the business shall accept as his full share of profits, all and only the income derived from the motor vehicles operated by him and under his supervision and each agrees to be responsi-ble for any losses, bad debts, or other charges incurred by him or his drivers or employees."

Under this contract we think plaintiff can maintain the action. See the case of Beard v. Dennis (Ind.) 63 Am. Dec. 280, wherein the following rule was announced:

"Injunction against prosecution of trade may be granted at suit of one only of several partners with whom the contract was made, where an injunction simply, and not com-pensation or damages, is asked."

In the discussion of the case, the court said:

"They also object that Dennis cannot maintain this proceeding in his own name. but must, if at all, prosecute in the name of Dennis, Mumford & Hooker.

"As the complaint is simply to obtain an injunction, we think Dennis can maintain it in his name alone. The injunction is to operate for his benefit—he seems to be alone interested in its existence. But were he not, it is, when granted on his application,

just as serviceable to Mumford and Hooker as though obtained on the joint application of all three of the parties, and no more detrimental to the appellants. Had the complaint sought to obtain compensation 'or damages, as the legal interest in the contract made the foundation of the proceedings is in Dennis, Mumford, and Hooker, it would probably have been necessary, even in this equitable proceeding, to have made them all parties, that it might bar any other suit by them for that purpose."

Since, under the evidence, plaintiff is alone interested in maintaining the suit and is the only person whose rights are injured by defendant, he was authorized to maintain the action in his own name. We express no opinion on the merits of the case.

Judgment is reversed and the cause remanded for a new trial.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.